MURPHY *et al. v.* GOLD & STOCK TEL. CO.

*(City Court of New York, Special Term.* November 4, 1889.)

COSTS—TO ABIDE EVENT—SET-OFF.

Code Civil Proc. N. Y. § 779, provides that costs of a motion which are awarded to abide the event of the action, or which have not been collected, when final judgment is entered, may be taxed, as part of the costs of the action, or offset against the costs awarded to the adverse party. *Held,* that the unsuccessful party cannot offset costs awarded to him "to abide the event," as they were only collectible in case he should be ultimately successful.

Action by Stephen Murphy and others against the Gold & Stock Telegraph Company. Defendant moves to offset costs allowed to abide the event. Code Civil Proc. N. Y. § 779, provides, *inter alia,* that "where the order directs that the costs of the motion abide the event of the action, or where costs of a motion, awarded by an order, have not been collected, when final judgment is entered, they may be taxed, as part of the costs of the action, or set off against costs awarded to the adverse party, as the case requires." For former report, see 3 N. Y. Supp. 804.

*F. P. Forster,* for plaintiffs. *Dillon & Swayne,* for defendant.

McADAM, C. J. A demurrer interposed to the answer was sustained at special term, and on appeal the general term reversed the order, with costs to the defendant "to abide the event." This expression was construed by this court in *Lotti* v. *Krakauer,* 1 City Ct. R. 60; and, as applied to this case, means that, if the defendant had been ultimately successful in the action, the costs so awarded would have been collectible by it; otherwise not. Section 779 of the Code does not change the result. It applies to two classes of cases,—one where motion costs have been awarded to abide the event; the other where motion costs have been awarded absolutely. Under these provisions, the party ultimately successful may, when final judgment is entered, tax therein any motion costs awarded to him, either absolutely, or to abide the event. If, on the other hand, the defeated party has any motion costs awarded to him absolutely, he may, instead of collecting them, set them off against the costs of the successful party. But the Code provision in regard to set-off does not apply to motion costs awarded to the party (ultimately unsuccessful) to abide the event; that is to say, the provision in question did not intend that costs belonging to the successful party absolutely should be reduced by costs "to abide the event," awarded to the defeated party, because these costs have never received any enforceable existence for any purpose. The set-off allowed is to be exercised only "as the case requires," and not at the mere option of parties, when the case does not require it. It was not intended to change the legal effects of costs intentionally made "conditional," by transforming them into costs absolute for the special purpose of set-off. If the defendant had eventually succeeded in the action, it might have taxed these costs on entry of final judgment, but, as it was defeated, the power of collecting or using them as a set-off is gone. I have indicated on the bills presented the result of these views. It follows that the motion to direct the clerk to set-off said costs must be denied.